United States District Court
Southern District of Texas

**ENTERED**
September 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SCOTT F. CREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00208 |
| | § | |
| BRACO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT BENJAMIN BRACO'S MOTION TO DISMISS**

Plaintiff Scott F. Cree, a Texas inmate proceeding *pro se* and *in forma pauperis*, has

filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the

Court is a Motion to Dismiss filed by Sergeant Benjamin Braco (Braco).  (D.E. 40).  For

the reasons stated herein, it is respectfully recommended that the Court grant this motion

on the issue of lack of exhaustion.

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case

has been referred to the undersigned magistrate judge for case management and making

recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal

Institutions Division (TDCJ-CID), and is currently residing at the Wayne Scott Unit in

Richmond, Texas.  The facts giving rise to Plaintiff's claims in this lawsuit occurred during

Plaintiff's previous housing assignment at the McConnell Unit in Beeville, Texas.

In his original complaint, Plaintiff sued the following defendants: (1) Braco; (2)

Bryan Collier (Collier), TDCJ Executive Director; and (3) Alex Diaz (Diaz), an offender

housed at the McConnell Unit. Plaintiff claimed that the actions of Braco and Collier

violated his Eighth Amendment rights by failing to protect him from being sexually and

physically assaulted by Diaz.  (D.E. 1, pp. 3-4).  Plaintiff further claimed that Diaz should

be held culpable for the assault.  (D.E. 1, pp. 3-4).  Plaintiff sought monetary relief.  (D.E.

1, p. 4).

On December 7, 2021, the undersigned conducted a *Spears*[1] hearing where Plaintiff

was given an opportunity to explain his claims.  Plaintiff testified at the *Spears* hearing that

he seeks: (1) monetary relief with respect to his failure-to-protect claim; and (2) injunctive

relief only with respect to his claim against Collier. (D.E. 28, pp. 30-31).

On March 11, 2022, the undersigned issued a Memorandum and Recommendation,

recommending that the Court: (1) retain Plaintiff's Eighth Amendment claim for failure to

protect against Braco in his individual capacity; (1) dismiss Plaintiff's claim for money

damages against Braco in his official capacity as barred by the Eleventh Amendment; (2)

dismiss Plaintiff's claim seeking injunctive relief against Collier in his official capacity as

barred by the Eleventh Amendment; and (3) dismiss with prejudice Plaintiff's claim against

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1085).

Diaz as frivolous and/or for failure to state a claim. The undersigned ordered service of Plaintiff's complaint on Braco. (D.E. 32). On April 18, 2022, District Judge Nelva Gonzales Ramos adopted the M&R. (D.E. 37)

On April 25, 2022, Braco filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 40). Plaintiff subsequently filed his response to Braco's motion. (D.E. 44).

## III.   PLAINTIFF'S ALLEGATIONS

The following allegations relevant to Plaintiff's failure-to-protect claim were made in Plaintiff's original complaint (D.E. 1) and at the *Spears* hearing. While housed at the McConnell Unit, Plaintiff and Diaz were cell mates for six months prior to May 1, 2020. (D.E. 28, p. 5). Plaintiff and Diaz engaged in verbal and physical altercations during their time as cell mates. (*Id.* at 5). Diaz also coerced Plaintiff into buying items for him at the Commissary. (*Id.*). Diaz verbally threatened Plaintiff with harm in early April 2020 if he did not comply with Diaz's demands. (*Id.* at 6-7).

Plaintiff was unsure whether Braco had been aware of Diaz's bad feelings toward Plaintiff before May 1, 2020. (*Id.* at 7). Three days before May 1, 2020, Plaintiff submitted an I-60 request to ranking officials in the administrative building, complaining that he was having problems being housed in the same cell with Diaz. (*Id.* at 8). Plaintiff indicated in this I-60 that he felt an altercation with Diaz was imminent. (*Id.*). No ranking official responded to Plaintiff's I-60 complaint. (*Id.*).

On the morning of Friday, May 1, 2020, Plaintiff submitted another I-60 request to Braco and the administrative department, complaining that he had serious issues with Diaz and that Plaintiff was concerned Diaz would harm him. (*Id.* at 8-9). Plaintiff specified in this I-60 complaint that Diaz had engaged in physical and verbal altercations with Plaintiff and was intimidating Plaintiff. (*Id.* at 9). Plaintiff believed he communicated in the I-60 his concern that he was in imminent danger. (*Id.*). Braco did not respond to Plaintiff's I-60 or otherwise act by sending a representative or ranking official to speak to Plaintiff. (*Id.* at 10).

Before entering the cell during the evening of May 1, 2020, Diaz verbally threatened Plaintiff. (*Id.* at 10-11). After Plaintiff entered the cell, Diaz placed a towel on the cell window and then sexually and physically assaulted Plaintiff. (*Id.* at 11-14). Plaintiff stayed in the cell after the assault was over and went to bed that evening in fear of Diaz. (*Id.* at 14-15). As a result of the sexual and physical assault, Plaintiff suffered injuries to his rectum and had trouble urinating. (*Id.* at 16-17). Plaintiff seeks to hold Braco responsible for failing to address Plaintiff's concern for his safety as set forth in his I-60 requests. (*Id.* at 27-28).

## IV.   LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law

deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Braco brings his motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678.  "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 554-55.  When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V.    DISCUSSION

Braco seeks dismissal of Plaintiff's failure-to-protect claim for failure to exhaust his administrative remedies.  (D.E. 40, pp. 5-6).  The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

No action shall be brought with respect to prison conditions under section
1983 of this title, or any other Federal law, by a prisoner confined in any jail,
prison, or other correctional facility until such administrative remedies as are
available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002).  Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process.  *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court.  *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).  Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints.  *Jones v. Bock*, 549 U.S. 199, 215 (2006).  However, a court can dismiss a complaint for failure to exhaust if "the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The TDCJ provides a two-step procedure for presenting administrative grievances.  *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam).  Step 1 requires the inmate to present an administrative grievance at his unit within fifteen days from the date of the complained-of incident.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  The inmate should then receive a response from the unit official, and if unsatisfied with the

response, the inmate has fifteen days to appeal by filing a Step 2 grievance, which is handled at the state level.  *Id.*  The Fifth Circuit requires that both steps be completed in order to file suit in federal court.  *Id* at 515-16 ("[A] prisoner must pursue a grievance through both steps for it to be considered exhausted.").  *See also Dillion v. Rogers,* 596 F.3d 260, 268 (5th Cir. 2010) ("under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly.").

Plaintiff attached his Step 1 and Step 2 grievances to his original complaint.  (D.E. 1-1, pp. 2-5).  Because Plaintiff attached these grievances as exhibits to his complaint, "they are considered part of the complaint 'for all purposes.'"  *Hampton v. Brindley*, No. 3:17-CV-299, 2018 WL 3609034, at *4 n.4 (S.D. Tex. July 27, 2018) (citing Fed. R. Civ. P. 10(c)).  As such, the Court may consider these exhibits in connection with Braco's Rule 12(b)(6) motion.  *Id.* (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004)).

In his Step 1 grievance, dated June 9, 2021, Plaintiff stated that he had submitted an I-60 to Braco on May 1, 2020, complaining that he was in danger of being harmed by Diaz. (*Id.* at 4).  Plaintiff complained that Braco failed to discharge his duty and protect Plaintiff from imminent harm.  (*Id.*).  In a Step 2 grievance dated August 20, 2021, Plaintiff complained about not getting a response to his Step 1 grievance.  (*Id.* at 2-3).

Braco contends in his Motion to Dismiss that Plaintiff's "failure to exhaust appears on the face of the pleadings and as such, dismissal under Rule 12(b)(6) is appropriate."

(D.E. 40, p. 6).   Braco references Plaintiff's Step 1 grievance attached to the original complaint, which reflects that Plaintiff submitted his Step 1 grievance well beyond the fifteen-day deadline for submitting such a grievance from the date of the complained-of incident on May 1, 2020.   (*Id.*).   In his response to the Motion to Dismiss, Plaintiff merely confirms that he filed his Step 1 grievance on June 9, 2021 and his Step 2 grievance on August 20, 2021.   (D.E. 44, p. 1).

The undersigned agrees with Braco that dismissal is appropriate because Plaintiff's failure to exhaust appears on the face of his pleadings.   The Step 1 grievance attached to his original complaint is dated June 9, 2021, more than thirteen months after the incident regarding Braco's alleged failure to protect occurred.   By not filing a Step 1 grievance with the fifteen-day period, Plaintiff failed to comply with prison procedures to exhaust his available administrative remedies.   *See Hampton*, 2018 WL 3609034, at *4.   Such failure to exhaust administrative remedies properly serves as a basis for dismissal for failure to state a claim.   *See Jones*, 549 U.S. at 216; *Ybarra v. Basse*, No. 2:11-CV-0171, 2013 WL 5663093, at *3 (N.D. Tex. Oct. 16, 2013).

When accepting as true Plaintiff's facts set forth in his original complaint, attached exhibits, and *Spears* hearing testimony, the undersigned respectfully recommends that Braco's Motion to Dismiss (D.E. 40) for failure to exhaust be granted as to Plaintiff's failure-to protect claim against Braco.   This claim should be dismissed with prejudice because any new grievance filed by Plaintiff would remain time-barred under the TDCJ's grievance procedure and the failure to exhaust cannot be cured.   *See Marsh v. Jones*, 53

F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).[2]

## VI.   RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Sgt. Benjamin Braco's Motion to Dismiss (D.E. 40) and **DISMISS with prejudice** Plaintiff's Eighth Amendment failure-to-protect claim against Braco for lack of exhaustion.

Respectfully submitted on September 13, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

---

[2] Braco further raises arguments with respect to the merits of Plaintiff's failure-to-respect claim. (D.E. 40, pp. 3-4, 6-10). Because resolution of the exhaustion issue is dispositive, it is unnecessary to address Braco's additional arguments.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).